MEMORANDUM **
Jacqueline Molina (“Molina”) petitions for review of a Board of Immigration Appeals (“BIA”) decision finding her ineligible for benefits under the class action settlement in Barahona-Gomez v. Ashcroft, 243 F.Supp.2d 1029 (N.D.Cal.2002) (“Bara-hona-Gomez ”). The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction to review the BIA’s determination of eligibility for benefits under the Barahona-Gomez settlement, and review de novo. Sotelo v. Gonzales, 430 F.3d 968, 970 (9th Cir.2005).
In a case similar to Molina’s, we held that the terms of the Barahona-Gomez settlement are ambiguous. Navarro v. Mukasey, 518 F.3d 729, 734 (9th Cir.2008). We resolved that ambiguity in favor of coverage under the settlement agreement. Id. at 736.
Here, the Immigration Judge (“IJ”) rescheduled Molina’s merits hearing on her application for suspension of deportation on February 27, 1997. The IJ set a new a hearing date of October 24, 1997. As in Navarro, the IJ here 1) “scheduled a merits hearing” on a suspension application between February 13, 1997 and April 1, 1997 and 2) continued the hearing until after April 1, 1997. See id. at 734. As in Navarro, it is possible that the IJ was motivated by Chief IJ Creppy’s directive to reserve decision on certain applications for suspension of deportation. Molina is therefore eligible for relief under the Barahona-Gomez class action settlement.[1]
Accordingly, we GRANT the petition and REMAND to the BIA for a determination of Molina’s application for suspension of deportation.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Respondent argues here for the first time that Molina was not denied suspension of deportation ''based-on” the stop-clock rule. This argument was never raised to the BIA, and is therefore waived. See Janes v. Wal-Mart Stores, Inc., 279 F.3d 883, 887 (9th Cir.2002).